IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD ROSS CLARK | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-1699-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Edward Ross Clark, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

On May 6, 1991, petitioner was released to parole after serving a little more than two years of a 20-year sentence for attempted burglary of a building. His parole was revoked on February 6, 1995 for an unspecified violation and petitioner was returned to custody. After serving six more years in prison, petitioner again was paroled on September 27, 2001. His parole was revoked for a second time on February 25, 2004. In calculating the time remaining on his sentence, the TDCJ did not credit petitioner for "street time" while out on parole. Petitioner challenged this decision through the prison dispute resolution process and in an application for state post-conviction relief. His request for administrative review was denied and his state writ was dismissed. Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that: (1) the denial of credit on his sentence for the time spent on parole violates due process; and (2) the Texas Court of Criminal Appeals improperly dismissed his state writ.

As part of his answer, respondent argues that petitioner's sentence credit claim is barred by limitations.[1] Petitioner addressed this issue in a written response filed on February 13, 2007. The court now determines that the habeas petition should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Moore v. Dretke*, No. 3-03-CV-2121-R, 2003 WL 22964139 at *1 (N.D. Tex. Dec. 2, 2003), *rec. adopted*, 2003 WL 23096505 (N.D. Tex. Dec. 22, 2003). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

---

[1] Respondent also moves to transfer venue to the Houston Division of the Southern District of Texas--the district and division where petitioner is currently incarcerated. In support of this request, respondent argues that the Houston Division would be a more convenient forum for witnesses should an evidentiary hearing be necessary. (*See* Resp. Ans. at 3-4). Because the court is able to dispose of the habeas petition without an evidentiary hearing, respondent's motion to transfer venue should be denied.

B.

Petitioner was twice paroled from TDCJ-ID custody. His first parole certificate, dated May 6, 1991, advised petitioner that "in the event of revocation of this release on Parole, time spent on Parole will not be credited to [your] sentence." *Ex parte Ross*, No. WR-14,373-06 at 43. Therefore, petitioner either knew or should have been aware of the factual basis of his sentence credit claim when his parole was revoked on February 6, 1995 and again on February 25, 2004. Petitioner challenged the denial of credit on his sentence for the time spent on parole in a request for administrative review filed under Tex. Gov't Code Ann. § 501.0081[2] and in an application for state post-conviction relief. His request for administrative review was filed on May 28, 2004 and denied on September 29, 2004. The state writ was filed on April 25, 2005 and dismissed as successive on June 7, 2006. Petitioner filed this action in federal court on September 11, 2006.

---

[2] Section 501.0081 provides, in pertinent part:

> (a)    The [TCDJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b)    Except as provided by Subsection (c), an inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:
>
>     (1)    the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
>
>     (2)    if the inmate has not received a written decision described in Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.
>
> (c)    Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge[.]

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004).

At the very latest, the statute of limitations on petitioner's sentence credit claim started to run on February 25, 2004--the date of his second and most recent parole revocation. *Moore*, 2003 WL 22964139 at *1. The limitations period was tolled from May 28, 2004 to September 29, 2004, a period of 124 days, and from April 25, 2005 to June 7, 2006, a period of 408 days, while a properly filed request for administrative review and application for state post-conviction relief were pending.[3] Even allowing for this tolling period, petitioner still waited more than a year before seeking federal habeas relief. In an attempt to excuse this delay, petitioner states that he could not have presented his sentence credit claim earlier because the Texas statute upon which he relies, Tex. Gov't Code Ann. § 508.283(c), did not become effective until September 1, 2001. However, the effective date of the statute was more than *two years* before petitioner's parole was revoked on February 25, 2004. There simply is no basis for statutory or equitable tolling in this case.

C.

Petitioner also complains that the Texas Court of Criminal Appeals improperly dismissed his most recent state writ as successive. This claim, which did not accrue until the writ was dismissed on June 7, 2006, is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th

---

[3] Respondent argues that the AEDPA statute of limitations should not be tolled during the pendency of petitioner's request for administrative review of his sentence credit claim. (*See* Resp. Ans. at 6-7). However, at least two district courts in Texas have held otherwise. *Hood v. Director, TDCJ-CID*, No. 9-06-CV-165, 2006 WL 3246355 at *1 (E.D. Tex. Nov. 6, 2006); *Hunter v. Quarterman*, No. 4-06-CV-0342-A, 2006 WL 2914162 at *2 (N.D. Tex. Oct. 11, 2006). *See also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (observing that "the timely pendency of prison grievance procedures [tolls] the one-year period" for filing federal habeas petitions).

Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to the calculation of petitioner's sentence and the denial of credit for time spent on parole should be dismissed on limitations grounds. Petitioner's claim that the Texas Court of Criminal Appeals improperly dismissed his state writ as successive should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE